**NOT FOR PUBLICATION**

FILED

APR 05 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30042 |
| Plaintiff-Appellee, | D.C. No. 9:16-cr-00027-DLC-1 |
| v. | |
| MATTHEW DESMOND BROWNE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Argued and Submitted March 7, 2018
Seattle, Washington

Before: RAWLINSON, CLIFTON, and CHRISTEN, Circuit Judges.

Defendant-Appellant Matthew Browne appeals the district court's order

denying his motion to suppress evidence discovered during a warrantless search of

his vehicle. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

A district court's denial of a motion to suppress is reviewed *de novo*. *United States v. Gorman*, 859 F.3d 706, 714 (9th Cir. 2017). "We review *de novo* whether the police had reasonable suspicion to make an investigatory stop, a mixed question of law and fact." *United States v. Choudhry*, 461 F.3d 1097, 1100 (9th Cir. 2006). The district court's underlying factual findings are reviewed for clear error. *Id.* We may affirm on any basis supported by the record. *Id.*

**1.** Holzer had reasonable suspicion to conduct a traffic stop because he witnessed Browne speeding. *See id.* ("A traffic violation alone is sufficient to establish reasonable suspicion.").

**2.** Scofield was justified in prolonging the traffic stop because he had reasonable suspicion that Browne was trafficking narcotics. The anonymous tip that formed the basis of Scofield's reasonable suspicion exhibited "sufficient indicia of reliability." *Alabama v. White*, 496 U.S. 325, 332 (1990). Scofield and Holzer were able to corroborate many of the details of the anonymous tip. The officers corroborated the make, model, color, and country of registration of the vehicle described in the tip. We find especially compelling the additional corroboration of the name of the driver. "It is true that not every detail mentioned by the tipster was verified." *Id.* at 331. However, we conclude under the totality

2

of the circumstances that the anonymous tip exhibited sufficient indicia of reliability to justify Scofield's prolongation of the traffic stop.[1]

Further, by calling multiple K-9 units shortly after speaking with Browne, Scofield "diligently pursued a means of investigation that was likely to confirm or dispel [his] suspicions quickly, during which time it was necessary to detain [Browne]." *United States v. Sharpe*, 470 U.S. 675, 686 (1985). Although it took between forty-five minutes and an hour for the K-9 unit to arrive, this delay did not "unreasonably infringe[] interests protected by the Constitution." *Illinois v. Caballes*, 543 U.S. 405, 407 (2005); *see also Gallegos v. City of L.A.*, 308 F.3d 987, 992–93 (9th Cir. 2002) (forty-five to sixty minute detention not unreasonable).

**3.** Browne's reliance on *United States v. Magallon-Lopez*, 817 F.3d 671 (9th Cir. 2016), is misplaced. Browne was in fact told the true basis for why he was stopped and why the stop was prolonged, so we need not address his claim of

---

[1] We note that there were discrepancies between Detective Scofield's testimony and the bodycam and audio recordings of the traffic stop. Those discrepancies do not alter our determination that other corroboration provided objectively reasonable suspicion to prolong the traffic stop, but we are nonetheless concerned that the record does not support many of the details included in the detective's testimony.

a due process right "to be informed of the true basis for a stop or arrest."

*Magallon-Lopez*, 817 F.3d at 677 (Berzon, J., concurring).

**AFFIRMED.**